281 So.2d 373 (1973)
W.R. SCHLEHUBER, Appellant,
v.
NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 72-1230.
District Court of Appeal of Florida, Third District.
July 31, 1973.
Rehearing Denied September 4, 1973.
*374 Alfred D. Bieley, Miami, for appellant.
George J. Baya, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellant, W.R. Schlehuber, was the plaintiff in a suit claiming a right to the reformation of an insurance policy and other relief. After answer, the taking of deposition of the plaintiff, and the filing of affidavits and responses to requests for admissions, both plaintiff and defendant moved for summary judgment. The trial court entered a summary final judgment for the defendant Norfolk & Dedham Mutual Fire Insurance Company. This appeal followed.
The plaintiff-appellant does not, by either of his points presented, urge the existence of a genuine issue of material fact. The argument is rather that the court erred in not entering a summary final judgment in his favor. We affirm in part, reverse in part, and remand for further proceedings.
The appellant was trying to enforce an insurance policy issued by the appellee on property that the appellant had purchased. Appellee had issued to Charles L. Cannon and Miriam H. Cannon a policy of insurance insuring a one-family dwelling located in Dade County, Florida against loss or damage by fire in the sum of $7,300. The insurance policy contained a payment to mortgagee clause as follows:
"Mortgagee Clause (This entire clause is void unless name of mortgagee or trustee is inserted on the first page of this policy in space provided under this caption) Loss, if any on the item(s) subject to this clause as specified on the first page of this policy, shall be payable to the mortgagee (or trustee) as provided herein, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: Provided, [t]hat in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."
The mortgagee clause was made payable to Norman Sivin as first mortgagee and Ben Zeigmund as second mortgagee. Subsequently, the mortgagee payment clause was changed to eliminate the name of Ben Zeigmund, as second mortgagee, and to insert the names of Ernest H. Guise and Frances C. Guise, as second mortgagee.
The Cannons sold the property to the appellant and his wife. At the closing of the sale, the prepaid premium on the fire insurance policy was not prorated. Neither the sellers nor the purchasers asked the insurance company to issue an endorsement naming the purchasers as insureds under *375 the policy. The Cannons did not request that the appellee return the unearned portion of the premium. The appellant did not cause the property to be insured by any other insurer.
Less than one month after the closing of the sale and the conveyance of title, the building on the property was damaged by fire. Thereafter, the appellant wrote the appellee requesting that the loss of approximately $7,300 be paid to Norman Sivin, the first mortgagee, and to Ernest H. Guise and Frances C. Guise, the second mortgagee. In spite of appellant's letter, neither of the mortgagees made a claim under the policy. Thereafter, appellant filed his complaint.[1]
We construe the complaint to have two aspects. First, it is a complaint for the equitable relief of reformation of a contract; second, it is an effort to secure from the court a declaratory judgment as to appellant's right to enforce the insurance policy by requiring payment to the mortgagees under the mortgagee payment clause. The appellee concedes the existence of the two aspects of the complaint, and in its brief refers to the second aspect as an attempt to recover on the policy under the theory that the appellant is a third party beneficiary. The appellee urges that the court correctly entered a summary judgment denying the reformation of the insurance policy because it appears from the undisputed facts that there was no mutual mistake or fraud involved in appellant's failure to secure an assignment of the policy. We are convinced that this position is well taken. See Royal Ins. Co. v. Smith, 158 Fla. 472, 29 So.2d 244 (1947); Hanover Insurance Company v. Publix Market, Inc., Fla.App. 1967, 198 So.2d 346; Old Colony Insurance Co. v. Trapani, Fla. App. 1960, 118 So.2d 850. However, we do find error in the court's failure to declare appellant's rights under the policy, and in its failure to proceed with the enforcement of the mortgagee payment clause upon the basis of appellant's right as a third party beneficiary.
Fla. Stat. § 627.405, F.S.A.,[2] sets out by way of negative statement the proposition that a contract of insurance of property may be enforced for the benefit of persons having an insurable interest in the property. Further, the term insurable interest is defined as an "economic interest in the safety or preservation of the subject" at the time of loss. It is apparent, therefore, that at the time of the loss appellant had an insurable interest and that he has a right to enforce the policy as it was written and in force at that time. We conclude that the language of the mortgagee payment clause which was a part of that policy represents a promise by the insurance company to pay to the mortgagees the extent of their loss as their interests appear. This promise may be enforced by the appellant as a third party beneficiary even though he possessed no policy in his name. See Shingleton v. Bussey, Fla. 1969, 223 So.2d 713; Maxwell v. Southern American Fire Insurance Company, Fla. App. 1970, 235 So.2d 768. Cf. Duke v. Hoch, 468 F.2d 973 (5th Cir.1972).
Accordingly, the summary final judgment entered in this cause is affirmed as *376 to the denial of the equitable remedy of reformation and is reversed as to the denial of appellant's prayer for a declaratory judgment directing the appellee to make payment under the mortgagee payment clause. The cause is remanded to the trial court with directions to enter a judgment in accordance with the holdings contained herein and with the further provision that the court may take additional evidence upon any fact which it may find disputed.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] We note that there appears to be a nonjoinder of a necessary party plaintiff, i.e., the wife of the plaintiff, but we leave this defect to be cured upon remand to the trial court. See Rule 1.250, R.C.P., 30 F.S.A.
[2] "627.405 Same; property. 

"(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
"(2) `Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
"(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof."