DOWNEY, Chief Judge.
Appellant, Ran Investments, Inc., appeals from a final judgment dismissing its complaint with prejudice.
Appellant’s amended complaint alleged that it owned certain improved realty which it leased to Gerald and Elsie Krai; that the Krais procured a policy of insurance from appellee, Indiana Insurance Company, protecting said property against fire and other hazards; said policy contained a mortgagee clause naming as mortgagee the appellee, Community Federal Savings & Loan Association, as its interest may appear. The complaint further alleged that the property was damaged by fire; Community Federal demanded payment on said policy but the insurance company refused to pay; and that Community Federal refuses to pursue legal action against the insurance company. Finally, appellant alleges that it is entitled to recover on said policy. The trial court dismissed the amended complaint and it is that order which we are asked to review here.
The rationale of the order of dismissal is contained in the following excerpt therefrom:
After having considered Plaintiff’s claim as stated in its Amended Complaint, the policy of insurance attached thereto, together with Defendant’s motion, the Court finds as a matter of law that the policy of insurance is a personal contract between the named insureds, Mr. and Mrs. Krai, and Defendant, to insure the Krais’ interest in the covered property, and not the property itself. And since there is no reference whatsoever to Plaintiff in the policy, either expressly or impliedly, and further since there is nothing in the policy to show that the parties intended in any way to benefit Plaintiff, Plaintiff is precluded from maintaining a cause of action on the policy against Defendant, INDIANA INSURANCE COMPANY.
On motion for rehearing appellant exhibited a proposed second amended complaint which alleged, among other things, that the Krais had agreed to insure the property against the usual hazards, including fire, for the benefit of appellant, which insurance policy would comply with the terms of the mortgage deed from appellant to appel-lee, Community Federal. The court refused the proposed amendment because it was the view of the trial judge that no cause of action would be stated even with the amendment.
The issue as framed by the appellant is whether “a Mortgagor may bring suit as a third party beneficiary to enforce a promise by an insurer to pay his Mortgagee to the extent of the Mortgagee’s loss as its interests appear, where the Mortgagee is named as loss-payee in a fire insurance policy.” Appellee casts the question a little differently: “whether a property owner may re *993 cover on a policy of fire insurance in which it is neither named as a party nor referred to in any manner.”
Prom the record presented we glean that appellant owned a piece of improved realty which it leased to the Krais. The lease contract required Krai to obtain hazard insurance on the property which would protect the mortgagee as the mortgagor had agreed to do in its mortgage contract. The Krais did obtain said policy. The property was damaged by fire, the mortgagee has-failed or refused to proceed against the fire insurance company and appellant claims as a third party beneficiary of said contract that it should be able to recover the proceeds of the policy. We are persuaded that appellant’s contention has merit and is supported by several Florida cases.[1]
In Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Co., 281 So.2d 373 (Fla. 3rd DCA 1973), the Sehlehubers purchased a dwelling from the Cannons. Prior to the sale the Cannons had insured the property against loss by fire. The policy contained a loss payable clause naming two mortgagees as their interest may appear. After the closing of the sale the property was damaged by fire but the mortgagees refused to sue on the policy. The Sehlehubers were not named as insureds on the policy and had not paid a pro rata portion of the premium; however, they demanded payment under the policy as third party beneficiaries. The company refused payment. In holding that the Cannons could recover, the court stated:
Fla.Stat. § 627.405, F.S.A., sets out by way of negative statement the proposition that a contract of insurance of property may be enforced for the benefit of persons having an insurable interest in the property. Further, the term insurable interest is defined as an “economic interest in the safety or preservation of the subject” at the time of the loss. It is apparent, therefore, that at the time of the loss appellant had an insurable interest and that he has a right to enforce the policy as it was written and in force at that time. We conclude that the language of the mortgagee payment clause which was a part of that policy represents a promise by the insurance company to pay to the mortgagees the extent of their loss as their interests appear. This promise may be enforced by the appellant as a third party beneficiary even though he possessed no policy in his name. See Shingleton v. Bussey, Fla.1969, 223 So.2d 713; Maxwell v. Southern American Fire Insurance Company, Fla.App. 1970, 235 So.2d 768. Cf. Duke v. Hoch, 468 F.2d 973 (5th Cir. 1972). 281 So.2d 375.
The cause was remanded to the trial court with directions to enter judgment for the Cannons in accordance with the holdings contained in the decision. Thereafter the trial court entered judgment for the Cannons and found that the total fire loss was $7300; the second mortgage had been paid by the Cannons since the suit was commenced; that the first mortgage had a balance of $1524.98. The judgment thus awarded the Cannons $1524.98 in trust 'for the second mortgagees, together with the total loss to the property, less the amount due the first mortgagee, plus interest and attorney’s fees.
On appeal again to the Third District Court of Appeal, that court reversed the judgment because the trial court had misconstrued their previous decision. The appellate court pointed out that in its prior decision;
We held simply that because the plaintiff was trying to enforce the insurance policy issued by the defendant on property that the plaintiff had purchased, the plaintiff was not entitled to enforce the policy as to its own interest thereon. We held, however, that the plaintiff, as a third party beneficiary, could enforce the mortgagee payment clause and, in so holding, stated that the plaintiff could enforce the promise of the insurance company to *994 “pay to the mortgagees the extent of their loss as their interests appear.”
* * * * * *
That portion of the judgment which holds that the plaintiff is entitled to be paid the full amount of his loss is without basis in our prior decision and is, therefore, reversed. Norfolk & Dedham Mutual Fire Insurance Company v. Schlehuber, 327 So.2d 891 at 892, 893.
Schlehuber stands for the proposition that the property owner may recover against the insurer as a third party beneficiary of the mortgagee clause and to that extent only. The owner cannot recover for the loss to the property in excess of the balance due on the mortgage at the time of the loss.
In Spindler v. Kuschner, 284 So.2d 481 (Fla. 3d DCA 1973), the Third District Court of Appeal also held the third party beneficiary doctrine applicable to a situation where the property was destroyed by fire pending the sale. The purchaser in possession had agreed to return the property in substantially the same condition as it was when possession was delivered in the event of failure to close the sale. The purchaser had procured fire insurance and the court held that the seller could recover thereunder as a third party beneficiary.
Adverting once again to the amended complaint, it was alleged that “Plaintiff, the owner of the premises, was a third party beneficiary of said policy by reason of the Mortgage Deed . . . and, upon the happening of the fire and the resulting damage thereto, the terms of the policy inured to the benefit of the plaintiff.”
Aligning ourselves with the Third District Court of Appeal, particularly the Schlehuber decision, we believe appellant can state a cause of action as a third party beneficiary of the mortgagee’s loss payable clause to the extent of the amount due on the mortgage at the time of the loss, together with interest on the amount found to be due. The sum recovered, of course, is to be applied in accordance with the contract between the mortgagor and the mortgagee.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to allow appellant to file the proposed second amended complaint and for further proceedings consistent herewith.
REVERSED AND REMANDED, with directions.
LETTS, J., and CROSS, SPENCER C., Associate Judge, concur.

. Spindler v. Kushner, 284 So.2d 481 (Fla. 3d DCA 1973); Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Co., 281 So.2d 373, 373 (Fla. 3d DCA 1973); State Farm Fire & Casualty Company v. Fowler Rentals Inc., 303 So.2d 646 (Fla. 1st DCA 1974), cert. denied 316 So.2d 284 (Fla.1975).