PER CURIAM.
Appellee, American Aviation Ground Services, Inc. (AMERICAN), owner of a marijuana-laden aircraft which crashed and sank in Bahamian waters, was not entitled to a summary judgment against appellant-insurer, Underwriters at Lloyd’s, London (UNDERWRITER) to recover the loss under Provisions of a Breach of Warranty Endorsement in an insurance contract.[1] The Breach of Warranty Endorsement was issued in favor of American National Bank & Trust Company of New Jersey which held a $90,000.00 note and lien on the airplane. A Breach of Warranty Endorsement gives a lienholder a separate and distinct contractual status with the insurer so that the lienholder can recover his loss under circumstances and conditions that would defeat recovery by the insured. Glen Falls Insurance Co. v. Porter, 44 Fla. 568, 38 So. 473 (1902); Security Insurance Company of Hartford v. Commercial Credit Equipment Corporation, 399 So.2d 31 (Fla. 3d DCA 1981); Airvac, Inc. v. Banger Insurance Company, 266 So.2d 178 (Fla. 4th DCA 1972); National Casualty Company v. General Motors Acceptance Corporation, 161 So.2d 848 (Fla. 1st DCA 1964). Contrary to appellant’s contention, the owner of the airplane, as a party having “an economic interest in the safety or preservation of the subject”, may bring an action under the endorsement provision for the benefit of the lienholder (bank). § 627.405, Fla.Stat. (1979); Cincinnati Insurance Company v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974); Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Co., 281 So.2d 373 (Fla. 3d DCA 1973).
Appellant also contends that the aircraft was not covered by the main policy at the time of loss, so there can be no recovery under the Breach of Warranty Endorsement. AMERICAN owns several airplanes insured by UNDERWRITER under a blanket policy. The evidence shows that AMERICAN did not insure the airplane in question under its contract with UNDERWRITER after the plane had been leased to a third person, named Svoboda, who, as a condition of the lease, was to provide insurance coverage for the benefit of AMERICAN. AMERICAN had purchased “ground coverage” insurance to protect against loss until Svoboda’s lease agreement was executed. On March 17, 1981, the lease was executed after Svoboda made a $10,000.00 deposit and produced an insurance binder showing operational coverage for $120,-000.00 naming AMERICAN as loss payee. Furthermore, AMERICAN’S reporting forms to UNDERWRITER, filed three months late in violation of the policy terms, listed the aircraft as covered for ground loss for only the first twenty days in March. The reason given by the President of AMERICAN for not insuring the aircraft after the first twenty days in March was that the aircraft had been leased on March 17, 1980 to Frank Svoboda, and had then been covered under a separate Policy procured by the lessee which became effective March 14, 1980. There is no contrary evidence in the record.
Accordingly, we reverse and remand with instructions to enter summary judgment for appellant.

. Summary judgment was entered on only the second count of a three-count complaint. In count one appellee seeks damages for breach of contract under the main policy. In count three appellee seeks to recover on a policy covering the aircraft, issued by a different insurer.