524 So.2d 1154 (1988)
COMMUNITY BANK OF HOMESTEAD, a Florida Corporation, Appellant,
v.
AMERICAN STATES INSURANCE COMPANY, Appellee.
No. 87-780.
District Court of Appeal of Florida, Third District.
May 17, 1988.
Horton, Perse & Ginsberg and Edward A. Perse, and John R. Sutton, Miami, for appellant.
Stuart & Walker and Paul S. Stuart, Ft. Lauderdale, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Community Bank of Homestead appeals from a final summary judgment. We reverse.
Stanley R. Bateman obtained a loan from the bank to purchase an airplane. The aircraft became collateral for the loan. The bank required Bateman to insure the aircraft and make it the loss payee under the terms of the insurance policy. The policy that was ultimately issued named Bateman as the insured and the bank as having an "additional interest" under certain provisions of the policy.
Some time later, Bateman reported the plane missing from its hangar. Both Bateman and the bank demanded payment from the American States Insurance Company, but the insurer denied coverage. The bank then commenced this action against American States and Bateman, who had by then defaulted on the note. The insurer filed a general answer and raised certain affirmative defenses. After intermediate discovery, the bank and the insurer filed cross-motions for summary judgment. American States's motion was granted. The bank appeals.
We hold that this aircraft insurance policy providing, inter alia, coverage to the bank as an "additional insured" under certain portions of the policy, afforded the bank the right to maintain an independent action as an intended third-party beneficiary. Leasing Serv. Corp. v. American Motorists Ins. Co., 496 So.2d 847 (Fla. 4th DCA 1986), review denied, 508 So.2d 13 (Fla. 1987); Ran Investments, Inc. v. Indiana Ins. Co., 379 So.2d 991 (Fla. 4th DCA 1980); see Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co., 281 So.2d 373, 375 (Fla. 3d DCA), cert. denied, 288 So.2d 259 (Fla. 1973). It was, therefore, error for *1155 the trial court to render judgment before providing the bank with an opportunity to establish whether the facts regarding the airplane's loss are such as to entitled it to coverage pursuant to the terms of the policy.
For this reason, the summary judgment in favor of the insurance company and against the bank is reversed, and the case is remanded for further proceedings consistent with this opinion.