638 So.2d 96 (1994)
Roger W. DeMAY and Janice B. DeMay, Appellants,
v.
DEPENDABLE INSURANCE COMPANY, a Foreign Insurance Company Authorized to do business in Florida, Appellee.
No. 93-02957.
District Court of Appeal of Florida, Second District.
May 11, 1994.
Rehearing Denied June 10, 1994.
*97 Glenn N. Siegel of Brown, Clark & Walters, P.A., Port Charlotte, for appellants.
Steven G. Schwartz of Mattlin & McClosky, Boca Raton, for appellee.
PARKER, Judge.
Roger W. DeMay and Janice B. DeMay (DeMays) appeal an order of the trial court dismissing their complaint against Dependable Insurance Company (Dependable) with prejudice. We reverse because the trial court erred in dismissing their complaint with prejudice on the grounds that the DeMays lacked standing as loss payees to bring a third-party beneficiary action against Dependable on an insurance policy issued to Holly Jo Finch.
The DeMays sold a vessel to Holly Jo Finch. Under the sale, the DeMays were secured creditors and were listed as such on the U.S. Coast Guard documentation. The DeMays also received a promissory note from Finch. The DeMays' complaint asserted that under the transaction, the DeMays required Finch to obtain a marine policy listing them as additional insureds. Finch obtained the policy from Dependable but named the DeMays in the policy as "loss payees." The loss payee clause provides: "loss, if any, under the policy shall be payable to the named insured and the following loss payee(s) as their interests may appear."
The vessel was subsequently destroyed by fire. When Finch sought to collect on the policy, Dependable refused payment alleging fraud and misrepresentation by Finch. The DeMays and Finch filed suit for declaratory judgment against Dependable seeking to have their rights determined under the policy. Dependable filed a motion to dismiss claiming the DeMays lacked standing and that they failed to state a cause of action as loss payees. The trial court dismissed the DeMays' complaint with prejudice.
The loss payee clause under the policy at issue is commonly referred to as the "ordinary," "open-mortgage clause" or "simple" loss payable clause. See 10A Mark S. Rhodes, Couch On Insurance 2d § 42:682, at 723-24 (rev. ed. 1982). As Dependable points out, such a clause without language to the effect that the interest of the lienholder shall not be invalidated by any act or neglect of the mortgagor, does not create a contract between the insurer and the loss payee and does not give the loss payee any rights greater than those to which the insured is entitled. See Nat'l Casualty Co. v. Gen. Motors Acceptance Corp., 161 So.2d 848 (Fla. 1st DCA 1964). Thus, the DeMays are subject to any defenses Dependable might assert against Finch. Although the DeMays are subject to those defenses, such a loss payee clause has been construed to confer upon the loss payee third-party beneficiary standing to bring an action against the insurer. See Community Bank of Homestead v. Am. States Ins. Co., 524 So.2d 1154 (Fla. 3d DCA 1988); Leasing Service Corp. v. Am. Motorist Ins. Co., 496 So.2d 847 (Fla. 4th DCA 1986), review denied, 508 So.2d 13 (Fla. 1987). The trial court, therefore, erred in dismissing the DeMay's complaint with prejudice on that ground.
Reversed and remanded.
DANAHY, A.C.J., and QUINCE, J., concur.