STODDARD, RALPH C., Associate Judge.
Worldwide Aeronautical Industries, Inc. (“Worldwide”), Airlift Operations II, Ltd., and ALO III, Ltd. (together as “ALO”), Donald Shrum (“Shrum”), Mu-kund Godbole (“Godbole”), C. Winston Bol-inger (“Bolinger”), and William Kay (“Kay”) (collectively as “Lienholders”), challenge a summary judgment in favor of Lloyd’s Underwriters, London (“Lloyd’s”), and denying the Lienholders’ motion for summary judgment relating to insurance coverage arising from the crash and destruction of an aircraft. The trial court based its order on a finding that the record conclusively established that the Lien-holders could not recover under insurance issued to the aircraft’s owner as either named insureds or third-party beneficiaries. This court concludes that, even though both sides moved for summary judgment, there were still unresolved issues of fact precluding summary judgment. Accordingly, we affirm in part and reverse in part.
On June 10, 1991, a C-130 aircraft owned by CZX Productions, Inc. (CZX), crashed on takeoff from an airport at Luanda, Angola; the aircraft was totally destroyed. CZX had purchased the aircraft from Worldwide. Worldwide had retained a purchase money mortgage security interest in the aircraft and, as part of the sale agreement, requested that CZX have it named as an additional insured on an insurance policy. Subsequently, CZX obtained a $3 million “all risks hull insurance” policy issued by Lloyd’s. It is the exact nature and extent of this all risks hull insurance policy that the parties now dispute. In addition to the lien held by Worldwide, the remaining Lienholders, ALO, Shrum, Godbole, Bollinger, and Kay, also held liens on the aircraft, liens that served as security for debts owed to them by CZX.
The facts leading to CZX’s procurement of insurance coverage and the type of coverage issued by Lloyd’s are very complex *1094 and are the subject of an earlier ease before this court, Underwriters of Lloyd’s v. CZX Productions, Inc., 686 So.2d 706 (Fla. 2d DCA 1996). It is sufficient, for the purposes of this case, to understand that Lloyd’s issued a “cover note” as evidence of insurance coverage, but never delivered a complete insurance policy.
This case has an extremely well-developed factual record because the parties have been litigating coverage questions for many years. This record includes depositions of all the agents and lienholders, and numerous affidavits, interrogatories, and other discovery documents. On the strength of all this evidence, both parties moved for summary judgment.
In their motion for summary judgment, two of the appellants, Worldwide and ALO, argue that the only relevant question was whether the cover note extends coverage to lienholders not specifically named. All of the Lienholders maintain the cover note is unambiguous, although each party believes language in the cover note supports their respective case. Worldwide and ALO argue that certain phrases in the cover note clearly indicate they were third-party beneficiaries of the all risks hull policy, even though they are not specifically named. In particular, Worldwide and ALO point to the phrases, “including breach of warranty as required” and “loss payees and other contractual agreements as required” found in the cover note. A breach-of-warranty clause in a cover note does provide a lienholder with a special contractual relationship with Lloyd’s. See Underwriters at Lloyd’s, London v. American Aviation Ground Sews., 421 So.2d 12 (Fla. 3d DCA 1982).
The remaining appellants, Shrum, God-bole, Bollinger, and Kay, had made loans to CZX, secured by liens on the aircraft, although the liens are subordinate to those held by Worldwide. Therefore, they make the same argument as Worldwide and ALO that they are intended third-party beneficiaries of the cover note. In addition to promoting their own motion for summary judgment, they argue against Lloyd’s motion, contending that all the parties in this case are bound under the law of the case as announced in CZX Productions, 686 So.2d at 706. In that opinion, this court found that the question of agency, among other things, was still a disputed factual issue.
Lloyd’s argues that it was not liable to pay the claim to any of the parties because the accident and destruction of the aircraft occurred within a country that was expressly excluded by the terms of the cover note. It also argues that the Lienholders lack standing to maintain their action because they are not identified as insureds in the cover note, citing DeMay v. Dependable Insurance Co., 638 So.2d 96 (Fla. 2d DCA 1994). They argue that the question before the trial court was whether there was evidence in the cover note itself, or anywhere else in the record, to show that the lienholders were either parties to, or third-party beneficiaries of CZX’s all risks hull insurance policy.
Lloyd’s also argues that under Caretta Trucking v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994), the Lienholders are not parties to the insurance contract and can only recover if they are its intended beneficiaries. Lloyd’s claims depositions and affidavits clearly establish that neither CZX nor the Lienholders ever requested that the Lien-holders be added to the policy and were not intended beneficiaries
Additionally, Lloyd’s points to an affidavit of William Wilier, one of Lloyd’s experts. In his affidavit, Mr. Wilier maintains that under the normal custom in the London Insurance Market, the phrases “breach of warranty as required” and “automatic additional insureds” merely give the broker the authority to request these coverages, but they do not mean this coverage has been necessarily obtained. The Lienholders argue that Mr. Willer’s affidavit concerns a matter extrinsic to the cover *1095 note and thus the affidavit cannot be considered relevant because of the parole evidence rule. The Lienholders also argue that the court erred in failing to strike one of Lloyd’s affirmative defenses.
The trial court rejected all of the Lien-holders’ arguments and ruled that the Lienholders could not recover under the cover note because they were not specifically named. Because there were unresolved factual matters, we believe the trial court prematurely made this ruling. The court could not have made this determination without resolving agency issues and questions concerning the intent of the parties. These issues are very similar to those presented by Underwriters of Lloyd’s of London, 686 So.2d 706. Like that case, we find this ease is complicated by the idiosyncrasies of the London Insurance Market and that the trial court’s order granting summary judgment was inappropriate. We affirm the trial court’s denial of the Lienholders’ motion for summary judgment and reverse the summary judgment in favor of Lloyd’s.
ALTENBERND, A.C.J., and BLUE, J., Concur.