CANADY, Judge.
William and Joyce Aldridge appeal a final summary judgment entered in favor of Peak Property and Casualty Insurance Corporation on a first-party claim they made against Peak under a property and casualty insurance policy. Because the Al-dridges sued for relief to which they were not entitled under the policy, we affirm the summary judgment in favor of Peak.
A motion for summary judgment should be granted only if there is “no genuine *500 issue as to any material fact ... and the moving party is entitled to judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). Our review of a summary judgment is de novo. Maynard v. Household Fin. Corp. III, 861 So.2d 1204, 1206 (Fla. 2d DCA 2003).
In the suit against Peak, the Aldridges sought to recover for “damages to their home, including progressive physical damage to the walls and floor of the residence,” and claimed that they “are entitled to the full cost of repairs of the damage to their home ... and, if the home is not repairable, the full replacement cost.” The residential property involved in the claim was subject to a mortgage given by the Aldridges to Ocwen Federal Bank. The policy on which the Aldridges based their claim names Ocwen as the insured. We note that Ocwen was not named as a party to the lawsuit brought by the Aldridges.
The policy is identified as a “Lenders Security Program Master Policy.” The policy provides: “The mortgagor of property covered hereunder, hereinafter referred to as the ‘Borrower,’ shall be considered an additional insured as respects any residual amounts of insurance over and above the insurable interest of the Insured in said property.” (Emphasis added.) The policy also contains a loss payable clause: “Loss, if any, shall be adjusted with and made payable to the Insured and/or the Borrower[ ]s as their interest may appear.” The record contains a mortgagor certificate of insurance which identifies Joyce Aldridge as the mortgagor in connection with the policy naming Ocwen as the insured mortgagee. The certificate of insurance states that the amount of insurance is $44,337.
In the summary judgment proceedings, Peak established that the outstanding bal-anee due to Ocwen on the mortgage exceeded the amount of the insurance coverage provided under the policy issued by Peak. On the record before us, this crucial fact stands undisputed. Accordingly, the insurable interest of Ocwen exhausts the coverage available under the policy, and there are no “residual amounts of insurance” available to the Aldridges. The Al-dridges therefore have no basis for their claim against Peak.
The dissent states that “if the policy limit of $44,337 has been remitted to Ocwen Federal Bank, then there was no residual for the Aldridges to claim,” but that in the absence of proof of such payment to Ocwen the Aldridges claim should be allowed to proceed. The dissent, however, does not address the fact that the Aldridges have made no claim for the payment of proceeds to Ocwen under the policy. Indeed, the suit filed by the Aldridg-es — which they never sought to amend— does not so much as mention the existence of the interest of Ocwen, much less seek to require that any proceeds properly due to Ocwen be paid to Ocwen by Peak. Such a lawsuit might have been brought by the Aldridges,[1] but they chose to bring a different law suit. In the lawsuit actually brought by the Aldridges, the relief sought — the payment of proceeds to the Aldridges — would be directly in derogation of the undisputed rights of Ocwen under the insurance policy. Although the Al-dridges make passing reference in their cross-motion for summary judgment to their being “at the very least third party beneficiaries,” at no point have they asserted a third-party beneficiary claim.
In determining whether Peak was entitled to summary judgment, the trial court was required to consider whether Peak *501 was entitled to judgment as a matter of law on the claim actually asserted by the Aldridges — not on some hypothetical claim that the Aldridges might have asserted. See Carroll & Assocs., P.A. v. Galindo, 864 So.2d 24, 28 (Fla. 3d DCA 2003) (“ ‘Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine matters which are not the subject of proper pleading and notice.’ ” (quoting In re Estate of Hatcher, 439 So.2d 977, 980 (Fla. 3d DCA 1983) (footnote omitted))); Sabine v. Sabine, 834 So.2d 959 (Fla. 2d DCA 2003) (stating that when “a judgment is not based on an issue that has been framed by the pleadings, noticed for hearing, or litigated by the parties, it may not stand”); see also Fla. R. Civ. P. 1.110(b)(3). In the lawsuit actually brought by the Aldridges, they seek relief to which as a matter of law they are not entitled under the policy.
Because the Aldridges had no right under the insurance policy to the relief sought in their complaint, the trial court correctly entered summary judgment in favor of Peak.
Affirmed.
KELLY, J., Concurs.
SALCINES, J., Dissents with opinion.

. See Cmty. Bank v. Am. States Ins., 524 So.2d 1154 (Fla. 3d DCA 1988); W.R. Schlehuber v. Norfolk & Dedham Mut. Fire Ins., 281 So.2d 373 (Fla. 3d DCA 1973).