DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ETHEL RECONCO**,
Appellant,

v.

**INTEGON NATIONAL INSURANCE COMPANY**,
Appellee.

No. 4D20-887

[January 27, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Barbara W. Bronis, Judge; L.T. Case No. 56-2019-CA001782-AXXXHC.

William Terry of William Terry, P.A., Vero Beach, for appellant.

Joseph W. Gelli and George M. Duncan of Garrison, Yount, Forte & Mulcahy, L.L.C., Tampa, for appellee.

FORST, J.

Appellant Ethel Reconco appeals the trial court's dismissal of her complaint with prejudice and the resulting final judgment in favor of Integon National Insurance Company ("the Insurer"). Appellant asserts the trial court erred in finding that she lacked standing as a third-party beneficiary under a "force-placed" casualty insurance policy on her home. We disagree and therefore affirm the dismissal of her complaint and the trial court's entry of final judgment.

## Background

In 2013, Appellant purchased a home in Fort Pierce, Florida ("the Property"), with Bank of America ("the Bank") as the mortgage holder of the Property. Under the terms of the mortgage, Appellant agreed to maintain acceptable and continuous hazard insurance on the Property. If Appellant failed to do so, the mortgage allowed the Bank to obtain force-placed insurance at Appellant's expense that "might or might not protect [Appellant], [Appellant's] equity in the Property, or the contents of the

Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect."

Appellant failed to maintain the requisite hazard insurance. Therefore, the Bank purchased an insurance policy ("the Policy") from the Insurer to protect its interest in the Property. The Policy listed the Bank as the Named Insured, and the father of Appellant's two minor children ("the father") as the Borrower.[1] Further, the Policy provided as follows:

> The contract of insurance is only between the NAMED INSURED and [the Insurer]. There is no contract of insurance between the BORROWER and [the Insurer]. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest on the property.
>
> . . .
>
> Appraisal. If YOU and WE fail to agree on the amount of LOSS, either can make a written demand upon the other that the amount of LOSS be determined by appraisal.
>
> . . .
>
> LOSS Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER's insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

"YOU," "YOUR," and "YOURS" referred to the Bank, and "WE," "US," "OUR," and "OURS" referred to the Insurer.

---

[1] The mortgage also included the father. However, the father is not a party to the instant case. Thus, any discussion of the father's involvement beyond assignment of his rights under the force-placed insurance policy to Appellant (as discussed below) is irrelevant and has been omitted.

2

In 2017, Hurricane Irma damaged the Property. The Insurer determined that the Irma-attributable loss was covered by the Policy and issued payment to the Bank. However, Appellant was unsatisfied with the payment amount. Consequently, after the father assigned his rights under the Policy to Appellant, Appellant filed a complaint for declaratory relief against the Insurer.

In the complaint, Appellant alleged that she had made several demands for both the Insurer and the Bank to participate in appraisal under the Policy's appraisal clause. She stated, however, that the Insurer refused and that the Bank "failed and refused to demand appraisal under the Policy or to otherwise pursue full recovery on all amounts owed."

Appellant therefore sought judicial declarations that she: (1) had standing to enforce the Policy's appraisal provision; (2) had standing to compel payment of an additional $60,000 allegedly still owed to the Bank; and (3) properly invoked the Policy's appraisal clause. Appellant asserted standing as a third-party beneficiary under the Policy pursuant to section 627.405, Florida Statutes (2018), and alleged that—at the time of the complaint—$105,000 remained outstanding on her mortgage loan.

Shortly thereafter, the Insurer filed a motion to dismiss. The Insurer argued that Appellant's complaint should be dismissed because Appellant was not a named insured, an additional insured, nor an intended third-party beneficiary under the Policy, and because Appellant's loss did not exceed the unpaid principal balance under the Policy's loss payment provision.[2]

In response, Appellant relied upon our opinion in *Ran Investments, Inc. v. Indiana Insurance Co.*, 379 So. 2d 991 (Fla. 4th DCA 1980), for the proposition that a homeowner has standing to enforce an insurance policy due to his or her insurable interest in the property.

The trial court conducted a hearing on the matter, wherein the parties repeated their respective arguments. Appellant asserted that the motion to dismiss was "entirely determined and controlled" by *Ran Investments.* Moreover, as it related to the loss payment provision and any potential residual amount, Appellant's counsel stated: "We're not suggesting – in

---

[2] The motion to dismiss also asserted that Appellant failed to sufficiently plead an action for declaratory relief. However, because the trial court did not address this basis, and because we find the trial court properly dismissed based on a lack of standing, we need not address this argument.

fact we've pled quite clearly, that the amount of [Appellant's] claim is less than the amount of her unpaid mortgage balance. She has no residual claim." In contrast, the Insurer asserted that for Appellant to constitute a third-party beneficiary, she must prove that the contracting parties—here, the Bank and the Insurer—had a clear and manifest intent that the contract directly benefit her. The Insurer asserted that, based on the express language of the Policy, Appellant could not meet this requirement.

At the conclusion of the hearing, the trial court found *Ran Investments* distinguishable, granting the Insurer's motion and dismissing Appellant's complaint with prejudice. The trial court subsequently reduced its findings to a written "Order Granting Defendant's Motion to Dismiss, Dismissing the Complaint and Entering Final Judgment for the Defendant" ("Order"). The Order found that the Policy in the instant case "contains the clear or manifest intent not to primarily and directly benefit the third-party beneficiary." The Order also stated that Appellant is not a loss payee under the Policy, as Appellant herself acknowledged that her claim was less than the unpaid principal amount. Following the written Order, Appellant timely appealed.

## Analysis

"A *de novo* standard of review applies when reviewing whether a party has standing to bring an action." *Wilmington Sav. Fund Soc'y, FSB v. Stevens*, 290 So. 3d 115, 117 (Fla. 4th DCA 2020) (quoting *Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 132 (Fla. 4th DCA 2015)).

A party seeking to enforce a contract as a third-party beneficiary must allege four elements: "(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016) (quoting *Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 194–95 (Fla. 2006)). When construing an insurance policy, "[w]here the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written." *Allstate Ins. Co. v. Orthopedic Specialists*, 212 So. 3d 973, 975–76 (Fla. 2017) (quoting *Wash. Nat'l Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013)).

In *Goins v. Praetorian Insurance Co.*, 302 So. 3d 478 (Fla. 5th DCA 2020), our sister court considered an insurance contract that stated: "The contract of insurance is only between the NAMED INSURED and

4

Praetorian Insurance Company. There is no contract of insurance between the BORROWER and Praetorian Insurance Company." *Id.* at 479. Based on this language, the court found that "Goins, the borrower, was not intended to primarily and directly benefit from the policy of insurance" and that "it is not the role of this Court to rewrite the terms of the contract." *Id.* Accordingly, the court declined to hold that the borrower was a third-party beneficiary of the contract. *Id.* at 478–79. And in *Veloz v. Integon National Insurance Co.*, 304 So. 3d 22 (Fla. 4th DCA 2020), we issued a per curiam affirmance, citing to *Goins. Id.* at 23.

Here, the Policy states: "The contract of insurance is only between the NAMED INSURED and [the Insurer]. There is no contract of insurance between the BORROWER and [the Insurer]." Thus, the language is identical to that of the applicable provision in *Goins*, differing only in the name of the insurance company. Further, even beyond this language, the Policy in the instant case also states that it is "intended *for the benefit and protection of the NAMED INSURED*" (emphasis added). It is therefore evident that the Policy did not evidence a "clear or manifest intent . . . that the contract primarily and directly benefit" Appellant. *Mendez*, 203 So. 3d at 148. Instead, the Policy expressed a "clear or manifest intent" in clear and unambiguous language that the Policy was intended *not* to benefit Appellant. *Allstate*, 212 So. 3d at 975–76.

To the extent the Policy provides that "[i]f the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS," Appellant conceded that the amount of her claim was less than the unpaid mortgage balance and that she has no residual claim. Consequently, even if the loss payment provision of the Policy can be interpreted as primarily and directly benefiting Appellant, that provision is inapplicable in the instant case.

Nonetheless, despite the seemingly clear authority of *Mendez*, *Goins*, and *Veloz*,[3] Appellant asserts that *Ran Investments*—a case which is factually similar to the instant case—is controlling. In that case, an appellant corporation owned an improved piece of realty that it leased to the Kral family. *Ran Investments*, 379 So. 2d at 993. As part of the lease contract, the Krals were required to—and did—maintain hazard insurance on the property. *Id.* The Krals' hazard insurance policy "contained a mortgagee clause naming as mortgagee the appellee, Community Federal Savings & Loan Association, as its interest may appear." *Id.* at 992. After

---

[3] Both *Goins* and *Veloz* were decided after the instant appeal had already perfected.

a fire damaged the property, the mortgagee "failed or refused to proceed against the fire insurance company." *Id.* at 993. The appellant therefore brought suit as a third-party beneficiary of the insurance contract. *Id.*

The trial court dismissed the cause of action, finding that the insurance contract insured the Krals' interest in the property and not the property itself. *Id.* at 992. The trial court further found that nothing in the insurance policy demonstrated that the parties intended in any way to benefit the appellant. *Id.* On appeal, we reversed the trial court's dismissal and held that the "appellant can state a cause of action as a third party beneficiary of the mortgagee's loss payable clause to the extent of the amount due on the mortgage at the time of the loss, together with interest on the amount found to be due." *Id.* at 994.

In so holding, we aligned ourselves with the Third District's decision in *Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Co.*, 281 So. 2d 373 (Fla. 3d DCA 1973), which held that a mortgagee payment clause within an insurance contract between an insurance company and the former homeowners could be enforced by the new homeowner "as a third party beneficiary even though he possessed no policy in his name." *Id.* at 374–75. As stated by the court in *Schlehuber*, section 627.405 "sets out by way of negative statement the proposition that a contract of insurance of property may be enforced for the benefit of persons having an insurable interest in the property." *Id.* at 375.

Notwithstanding this last statement, "[t]here is no *per se* rule in Florida that a party with an insurable interest is automatically vested with standing to enforce a policy of property insurance." *Harnarrine v. Praetorian Ins. Co.*, No. 18-62848-CIV, 2019 WL 8508084, at *4 (S.D. Fla. Jan. 10, 2019). Rather than automatically being vested with standing due to an "insurable interest" in the property, a court "must determine whether, *pursuant to the terms of the Policy*, [a plaintiff] has standing to bring her claims as an intended third-party beneficiary under Florida law." *Rucker v. Integon Nat'l Ins. Co.*, No. 19-cv-23422, 2020 WL 2616210, at *3 (S.D. Fla. May 23, 2020) (emphasis added).

Indeed, *Ran Investments* and *Schlehuber* simply did not displace the requirement in Florida that "[a] party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong." *Dingle v. Dellinger*, 134 So. 3d 484, 488 (Fla. 5th DCA 2014). *Ran Investments* and *Schlehuber* must therefore be read in conjunction with this requirement, which has long existed in Florida law. *See, e.g., Marianna Lime Prods. Co. v. McKay*, 147 So. 264,

277–78 (Fla. 1933) ("The rule in this state is that when a contract shows that it was intended to be for the benefit of a third party, such third party may . . . sue thereon.").

Despite the Insurer's assertion that *Ran Investments* and *Schlehuber* are no longer good law, both cases can be reconciled with the requirement that a party is an intended third-party beneficiary only if the parties or the contract express an intent to primarily and directly benefit the third party. In *Ran Investments*, after the trial court dismissed the appellant's claim, the appellant filed a motion for rehearing and "exhibited a proposed second amended complaint which alleged, among other things, that the Krals had agreed to insure the property against the usual hazards, including fire, *for the benefit of appellant*." *Ran Investments*, 379 So. 2d at 992 (emphasis added). Importantly, the Krals were required "to obtain hazard insurance on the property which would protect the mortgagee *as the mortgagor had agreed to do in its mortgage contract*." *Id.* at 993 (emphasis added). Thus, the Krals obtained the hazard insurance policy to protect the appellant's *contractual obligations*.

Moreover, in *Schlehuber, the former homeowner* purchased an insurance policy that contained in part a provision to protect both of the mortgagees' insurable interests in the property. *Schlehuber*, 281 So. 2d at 374. Payment to a mortgagee would necessarily "inure[] to [a homeowner's] benefit, as it will be applied to the balance of the outstanding mortgage, thereby reducing the amount of his indebtedness." *Kelly v. Balboa Ins. Co.*, No. 8:11-cv-450, 2015 WL 12843881, at *3 (M.D. Fla. Aug. 12, 2015). Therefore, intent to benefit a party or class of persons—here, persons with an insurable interest in the property—can be inferred even in the absence of the new homeowner being specifically named in the contract.

We agree with the trial court's determination that *Ran Investments*—and, by extension, *Schlehuber*—are distinguishable from the instant case. While in both of the earlier cases there may have been some question as to whether the insurance policy was intended to primarily and directly benefit the third-party beneficiary, the Policy in the instant case expresses a clear or manifest intent *not* to benefit Appellant.

This distinction is not unique to Florida state courts. *See Zabala v. Integon Nat'l Ins. Co.*, No. 20-22221-Civ, 2020 WL 3977380, at *3–4 (S.D. Fla. July 14, 2020) (rejecting the argument that section 627.405 itself confers standing and distinguishing several Middle District cases—which relied upon *Schlehuber*—on the basis that those cases "did not involve policies that contained a 'clear or manifest intent not to primarily and

directly benefit the third party'" (quoting *Catatonic Invs. Corp. v. Great Am. Assurance Co.*, No. 14-cv-21621, 2014 WL 11997839, at *3 (S.D. Fla. Nov. 25, 2014)); *see also Harnarrine*, 2019 WL 8508084, at *3 (stating that *Schlehuber* and the Middle District cases relying on such do not involve policies that contain "the clear or manifest intent not to primarily and directly benefit the third party"); *Hogan v. Praetorian Ins. Co.*, No. 1:17-cv-21853, 2017 WL 5643234, at *4–5 (S.D. Fla. July 31, 2017) (dealing with an identical insurance policy and finding that the language "clearly and unambiguously shows" that the appellant was not an intended third-party beneficiary).  And, this distinction is in line with the Fifth District's recent opinion in *Goins* (which we cited in *Veloz*).  Thus, as in *Goins*, we hold that Appellant lacked standing as a third-party beneficiary under the contract, and we distinguish *Ran Investments* on the basis that it did not involve a contract that expressed an intent in clear and unambiguous language *not* to benefit a third party.

## Conclusion

Because we hold that Appellant lacked standing as a third-party beneficiary under the Policy, we also hold that the trial court did not err in dismissing Appellant's complaint with prejudice and in entering final judgment in the Insurer's favor.  Therefore, we affirm the trial court's final judgment.

*Affirmed.*

WARNER and CONNER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

8