411 So.2d 950 (1982)
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Appellant,
v.
SUWANNEE LUMBER MANUFACTURING CO., INC., Leroy E. Evans and Ronald Evans, Appellees.
No. AG-14.
District Court of Appeal of Florida, First District.
March 25, 1982.
R. Franklin Ritch of Ritch & Graves, Gainesville, for appellant.
J. Doyle Thomas, Cross City, for appellees.
McCORD, Judge.
Southeastern Fidelity Insurance Company (Southeastern) appeals from a final judgment holding that an insurance policy issued by Southeastern covered a loss sustained by Suwannee Lumber Manufacturing Company (Suwannee). We reverse.
*951 The material facts to this appeal are essentially undisputed. At some time prior to October 1977, Suwannee purchased a certain piece of equipment, referred to as a "skidder," for use in its logging operations. This skidder was then "transferred" in October of 1977 to Eddie Earl and Howard Rhodes.[1] At that time, Henry Parrott, an agent for Suwannee, went to an insurance agent for Southeastern and obtained a policy of insurance in the Rhodes' name. At Parrott's request, Suwannee was shown on the face of the policy as holding the lien on the skidder. Several months later, the Rhodes sold the equipment to Howard and Ronald Evans. Receiving the skidder from Suwannee and not from the Rhodes, the Evans executed a security agreement in favor of Suwannee. Among other things, the security agreement provided for the Evans to purchase insurance on the equipment, which they did not do. Subsequently, the skidder was involved in a fire, the residual parts for which were sold for approximately $3,000. Its value prior to the fire was from $11,000 to $12,000, and it was insured in the amount of $6,800. Neither Southeastern nor the insurance agent were notified of the change of ownership until after the skidder was involved in the fire. When Southeastern refused to pay for the damages suffered, Suwannee brought this action below.
Suwannee argues that, as a lienholder, it is entitled to recover under the policy. Alternatively, it argues that the policy was vague as to the intent of the contracting parties and that the trial judge could use additional evidence to interpret or construe that intent in Suwannee's favor. We disagree on both counts.
As mentioned above, the policy on its face shows that the named insureds were the Rhodes and that Suwannee was merely listed as a lienholder. As such, Suwannee clearly had an insurable interest in the skidder, but it was not a named insured in the policy.
The general rule that an insurance policy should be strictly construed in favor of the insured and against the insurer does not apply where the language used in the policy is so plain and unambiguous as to leave no room for construction. Travelers Ins. Co. v. C.J. Gayfers & Co., 366 So.2d 1199 (Fla. 1st DCA 1979). Along these lines, the courts of Florida have consistently held that the term "named insured" has a restricted meaning and does not apply to persons not specifically named in the policy. See, e.g., Kohly v. Royal Indemnity Co., 190 So.2d 819 (Fla. 3rd DCA 1966), cert. den. 200 So.2d 813 (Fla. 1967). Here, the named insureds are Eddie Earl Rhodes and Howard Rhodes and no one else. There is no ambiguity on the face of the policy, nor does Suwannee's status as a lienholder serve to create any such ambiguity permitting the trial court to reconstruct the policy and conclude that Suwannee is inferentially an intended beneficiary.
Suwannee also argues that it could collect as a third-party beneficiary under the contract. This particular insurance policy, however, does not have any such effect. It is not a liability policy, the classic situation regarding third-party beneficiaries. Compare Maxwell v. Southern American Fire Insurance Co., 235 So.2d 768 (Fla. 3rd DCA 1970). Suwannee failed to obtain insurance for the owners of the equipment with a "loss payee" clause or a lienholder's endorsement. Compare Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Co., 281 So.2d 373 (Fla. 3rd DCA 1973). In short, Suwannee has cited us no cases, and our research reveals none, to the effect that its mere listing as a lienholder on the face of the policy, without more, makes it a third-party beneficiary under that contract. As the policy admits of no clause showing that Suwannee had a secured insurable interest, it can effect no recovery.
Accordingly, for the reasons expressed above, we reverse the ruling of the trial court and remand with directions that Suwannee's case be dismissed with prejudice.
ERVIN and SHAW, JJ., concur.
NOTES
[1] If a logger cannot afford to buy a piece of equipment, Suwannee purchases that equipment and transfers it to the logger, who then makes appropriate payments to Suwannee.