Kurtis KELLY, Plaintiff,

v.

BALBOA INSURANCE COMPANY,
Defendant.

Case No. 8:11–cv–450–T–35–MAP.

United States District Court,
M.D. Florida,
Tampa Division.

May 29, 2012.

Peter Michael Cardillo, Cardillo Law Firm, Matthew Joseph Cardillo, Matt Cardillo, PA, Tampa, FL, for Plaintiff.

Scott Parker Yount, Garrison, Yount, Forte, Mulcahy, & Lehner, LLC, Tampa, FL, for Defendant.

## *ORDER*

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Summary Judgment (Dkt. 33), Plaintiff's Response in Opposition (Dkt. 41), Defendant's Reply to the Response in Opposition (Dkt. 59), and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction for Lack of Standing (Dkt. 50) and Plaintiff's Response in Opposition. (Dkt. 60) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES in part and GRANT in part** Defendant's Motion for Summary Judgment (Dkt. 33) and **DENIES** its Motion to Dismiss (Dkt. 50), as described herein.

## I. BACKGROUND

Plaintiff is the owner of the property located at 6620 Jennifer Drive, Temple Terrace, Florida (the "Subject Property"). The property was secured by a mortgage serviced by Countrywide Loans. (Dkt. 33 at 3) As part of the mortgage agreement, Plaintiff agreed to maintain acceptable and continuous hazard insurance on his home until he paid off his loan. (*Id.*) At some point, Plaintiff's hazard insurance lapsed or was pending expiration. (*See* Dkt. 33–9) Thereafter, Countrywide Loans obtained a lender placed mortgage protection policy, policy number 4800–0100, with policy limits of $101,000.00 from NewPort Insurance Company effective February 24, 2002 [1] (the "Subject Policy"). On May 1, 2005, the Subject Policy was assigned to Defendant. (*See* Dkt. 33–11) On April 27, 2009, Plaintiffs mortgage was assigned from Countrywide Loans to BAC Home Loans Servicing, LP. (Dkt. 33 at 3, n. 1)

The subject policy does not refer to Plaintiff as an insured. However, the Loss Payment section of the policy provides:

13. Loss Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damages or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under the Residential Property Form.

(Dkt. 33–11 at 12) BORROWER refers to Plaintiff. In a letter dated March 23, 2010, Plaintiff provided Defendant with notice of his claim for loss to the Subject Property. (Dkt. 33–24) In a letter dated June 2, 2010, Defendant denied coverage for the loss under the Subject Policy. (Dkts. 18–3, 62–1)

On February 4, 2011, Plaintiff filed this action in state court against Defendant alleging Defendant is liable for breach of contract ("Count 1"), bad faith ("Count 2") and unfair claim settlement practices ("Count 3"). (Dkt. 2) On March 3, 2011, Defendant timely removed this action to this Court. (Dkt. 1) On March 4, 2011, Defendant moved the Court to dismiss Counts 2 and 3, or in the alternative abate Counts 2 and 3 pending resolution of Count 1. (Dkt. 4) On March 11, 2011, the Court denied Defendant's motion to dismiss, but granted Defendant's motion to abate Counts 2 and 3 pending final resolu-

---

**1.** The Subject Policy has remained in place since 2002, renewing on a yearly basis. (Dkt. 59 at 8)

tion, including appeals of Count 1. (Dkt. 5) On November 8, 2011, Plaintiff filed an amended complaint again alleging Defendant is liable for breach of contract, bad faith and unfair claim settlement practices. (Dkt. 18) On November 21, 2011, Defendant answered the breach of contract claim in Plaintiff's Complaint.[2] (Dkt. 19)

Defendant seeks an Order dismissing this action for lack of subject matter jurisdiction (Dkt. 50) or granting summary judgment in its favor against Plaintiff. (Dkt. 33) Defendant argues Plaintiff is not a third-party beneficiary, or in the alternative he is only an incidental third-party beneficiary who lacks standing to bring this action. Further, Defendant argues (1) Plaintiff is not entitled to attorney's fees and costs as a third-party beneficiary; (2) Plaintiff has no residual amount of insurance proceeds available to him to cover his alleged insurable interest; (3) Plaintiff cannot establish that his loss occurred during the Subject Policy coverage period; (4) the damage that is the subject of Plaintiffs Complaint was not hidden; (5) Plaintiff should be estopped from pursing this action; and (6) the statute of limitations bars any claims for loss prior to February 4, 2006.

## II. LEGAL STANDARDS

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir.2009) (*citing Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir.2007)). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that no

genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Evidence is reviewed in the light most favorable to the non-moving party. *Fennell*, 559 F.3d at 1216.

■ A moving party discharges its burden by showing there is an absence of evidence to support the non-moving party's case. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir.2010). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or. by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1321 (11th Cir.2006). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985) ("conclusory allegations without specific supporting facts have no probative value."). If material issues of fact exist that would not allow the Court to resolve an issue as a matter of law, the Court must not decide them, but rather, must deny the motion and proceed to trial.

## III. DISCUSSION

### A. STANDING

■ Defendant argues that Plaintiff is not a named insured, additional insured, or a third-party beneficiary of the Subject Policy and, therefore, lacks standing to bring this claim. Plaintiff does not dispute that he is not named as an insured under the Subject Policy. Plaintiff, however, contends that as owner of the Subject Property he is a third-party beneficiary of

---

**2.** Plaintiff's claim for bad faith and unfair claim settlement practices continue to be held

in abatement until resolution of his breach of contract claim.

the Subject Policy and, therefore, has standing to bring this action.

Florida Statute § 627.405 provides

(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss. (2) 'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment. (3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

Fla. Stat. § 627.405. The insurable interest is determined at the time of loss. *Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, 281 So.2d 373, 375 (Fla. 3d DCA 1973).

■ There is no dispute that Plaintiff was the owner of the Subject Property during the alleged period of loss and still is the owner of the Subject Property. As owner of the Subject Property during the time of the loss Plaintiff had an economic interest in the safety or preservation of the Subject Property. Therefore, the promise by Defendant to pay the mortgagee to the extent of its loss in the Subject Property may be enforced by Plaintiff, as a third-party beneficiary even if Plaintiff possesses no policy of insurance in his name. *Schlehuber*, 281 So.2d at 375 ("[The Court] conclude[s] that the language of the mortgage payment clause which was a part of that policy represents a promise by the insurance company to pay to the mortgagees the extent of their loss as their interests appear. This promise may be enforced by the appellant as a third party beneficiary even though he possessed no policy in his name.") Accordingly, the Court finds that Florida Statute § 627.405 provides the basis for Plaintiff to bring this action.

## B. ATTORNEY'S FEES AND COSTS AS A THIRD PARTY BENEFICIARY

■ Defendant argues that even if Plaintiff is a third-party beneficiary under the Subject Policy, summary judgment should be entered precluding Plaintiff from being entitled to attorney's fees under Fla. Stat. § 627.428 because Florida law holds that Section 627.428(1) does not include third-party beneficiaries. Section 627.428(1) provides that:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). "Section 627.428 must be strictly construed because an award of attorneys' fees is in derogation of common law." *Pepper's Steel & Alloys, Inc. v. United States*, 850 So.2d 462, 465 (Fla.2003). Although the statute authorizes an award of attorney's fees, it does so "only in a discrete set of circumstances." *Continental Cas. Co. v. Ryan Inc. E.*, 974 So.2d 368, 374 (Fla.2008). Specifically, a named insured, omnibus insured, a named beneficiary or an assignee of a named insured, omnibus insured or a named beneficiary may receive an award of attorney's fees.

■ A third-party beneficiary is not included among the categories of persons authorized under section 627.428 to receive an award of attorney's fees. Therefore, with respect to third-party beneficiaries, Defendant is correct. Plaintiff is not entitled to attorney's fees and costs under section 627.428 as a third-party beneficiary. *See Hartford Accident & Indemnity Co. v. M–B Leasing, Inc.,* 394 So.2d 561 (Fla. 3d DCA 1981) (Vacating an order awarding attorneys' fees to appellee because it "expressly sought coverage under the [insurance] policy as a 'third party beneficiary,' an entity not entitled to attorneys' fees.").

## C. RESIDUAL AMOUNT AVAILABLE TO PLAINTIFF

Defendant argues that there is no residual amount of insurance proceeds for Plaintiff to receive under the Subject Policy because the mortgagee's insurable interest (*i.e.* the outstanding mortgage balance) is greater than the Subject Policy's limit. (Dkt. 33 at 16) Specifically, Defendant asserts that the amount of the insurance proceeds available from the Subject Policy is $101,000.00 and the outstanding loan amount plus the escrow amount is $103,802.49. Therefore, Defendant seeks summary judgment in its favor that the Subject Policy "can provide no coverage to the Plaintiff." (Dkt. 33 at 16) Plaintiff contends that the documents (Dkt. 33–12) relied on by Defendant should not be considered by the Court because the documents have not been through the "proper evidentiary predicate." (Dkt. 41 at 3)

■ "A district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba v. Deboer,* 193 F.3d 1316, 1323 (11th Cir.1999) (internal quotation marks omitted). On March 19, 2012, Defendant filed a reply in response to Plaintiff's opposition to the Motion for Summary Judgment attaching a Declaration of Custodian of Records (the "Declaration"). (Dkt. 59) In the Declaration, an employee of the mortgage company declares that the documents relied on by Defendant "are true and correct copies of records prepared in the ordinary course of business, at or near the time of the event of condition recorded, [and] were made by a person with knowledge of the information contained therein." (Dkt. 59–1) Therefore, the Court concludes that documents are either non-hearsay or could be reduced to admissible form. Accordingly, the Court will consider the documents relied on by Defendant for this Motion for Summary Judgment.

■ The mortgagee's insurable interest is determined at the time of the loss. *See Norfolk & Dedham Mutual Fire Ins. Co. v. W.R. Schlehuber,* 327 So.2d 891 (Fla. 3d DCA 1976), *Ran Investments, Inc. v. Indiana Ins. Co.,* 379 So.2d 991 (Fla. 4th DCA 1980). The evidence Defendant proffers on this issue assesses the mortgagee's insurable interest as of November 15, 2011. The record does not reveal a specific time for Plaintiff's claim of loss. However, there can be no dispute that November 15, 2011 is not Plaintiffs claimed date of loss. Thus, Defendant has not provided sufficient evidence to establish the amount of loss and, therefore, the absence of a right of recovery of any residual by the Plaintiff on the Subject Policy. Additionally, neither party addresses the extent to which Plaintiff would benefit if the Subject Policy is required to be paid in whole or in part against any outstanding mortgage loan. Because genuine issues of material fact exist concerning Plaintiff rights under this Subject Policy, the Court is precluded from granting summary judgment on this issue.

## D. OCCURRENCE OF LOSS DURING THE SUBJECT POLICY'S COVERAGE PERIOD

Defendant argues that Plaintiff cannot establish evidence that a loss occurred during the Subject Policy period. Defendant surmises that since Plaintiff established, in connection with a separate claim, that a loss occurred outside the Subject Policy's period, a loss cannot be said to have occurred within the Subject Policy's period. Further, Defendant argues Plaintiff cannot establish his loss was the result of "direct or sudden" physical damage. (Dkt. 59) Plaintiff contends the claimed loss occurred gradually over a period of time in which structural impairment to the Subject Property was occurring during the Subject Policy's coverage period and under the Subject Policy's collapse provision.

■ The Subject Policy's collapse provision provides "WE will pay for LOSS to the RESIDENTIAL PROPERTY that results from the actual collapse of a building or any part of a building only if such collapse is caused by one or more of the following: a. hidden decay; b. hidden insect or vermin damage." (Dkt. 33–11 at 9) The term "collapse" is not defined in the Subject Policy. As acknowledged by both parties, collapse is defined by Florida law as the "material and substantial impairment of [the] basic structure" of a building or a part of a building. *Auto Owners Ins. v. Allen,* 362 So.2d 176, 178 (Fla. 2d DCA 1978).

■ Arguably, different parts of a building may be materially and substantially impaired at different times over the course of days, months or years. And by their very nature, hidden decay and hidden insect or vermin damage occurs over a period of time. Therefore, a collapse does not require a sudden force or damage. The Subject Policy, however, provides that the LOSS it will cover under its collapse provision must be "direct, sudden and accidental physical damage." (Dkt. 33–11 at 8) The inclusion of "sudden" in the definition of LOSS for a policy that covers insect damage creates an ambiguous policy provision. *See Auto–Owners Ins. v. Anderson,* 756 So.2d 29, 34 (Fla.2000) ("If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and [other] limiting coverage, the insurance policy is considered ambiguous."). "Ambiguous policy provisions are interpreted liberally in favor of the insured and strictly against the drafter who prepare the policy." *Auto–Owners Ins.,* 756 So.2d at 34.

■ In liberally construing the Subject Policy, the Court finds that in this case, under the collapse provision, the LOSS need not be "sudden" when the collapse is caused by "hidden decay" or "hidden insect or vermin damage." However, there is factual dispute whether a "collapse" occurred during the Subject Policy's coverage period. Accordingly, the Court is precluded from granting summary judgment on this issue.

## E. DAMAGE–HIDDEN OR VISIBLE

Under the Subject Policy, coverage is only available where a collapse is caused by "hidden decay" or "hidden insect or vermin damage." (Dkt. 33–11) In order to recover under the Subject Policy, Plaintiff must demonstrate that the damage to the structural integrity of the Subject Property was not visible and Plaintiff neither knew nor should have known of the structural damage with sufficient time to allow for repairs before it reached the state of collapse. *Sandalwood Condo. Assn. at Wildwood, Inc. v. Allstate Ins. Co.,* 294 F.Supp.2d 1315, 1319 (M.D.Fla.2003).

■ Defendant argues the damage for which Plaintiff seeks to recover was visible because Plaintiff was aware of the damage

prior to it being in a state of collapse. Defendant offers as support for its position a termite inspection report dated 11/15/99, Plaintiff's Purchase Contracts, and Plaintiff's testimony that he had the property treated for termites in 2003 or 2004 and was aware of termite damage in 2005. The evidence presented does not indisputably demonstrate Plaintiff knew or should have known that the Subject Property sustained damage to the Subject Property's structural integrity. As recognized by the Court in a previous decision, "a property owner may know of termite damage, but while acting reasonably, not know that the damage is threatening the structural integrity of the building." *Id.* Therefore, the Court concludes there is a genuine issue of material fact as to whether Plaintiff knew or should have known of the structural damage to the Subject Property. Accordingly, the Court is precluded from granting summary judgment on this issue.

### F. JUDICIAL ESTOPPEL

Defendant argues that Plaintiff should be judicially stopped from pursing this action because he has made inconsistent statements and held an inconsistent position regarding the loss incurred by the Subject Property. There is no dispute that Plaintiff filed a complaint against another insurance company and alleged the Subject Property sustained a loss and collapse due to termite damage during a period outside the Subject Policy's coverage period. Further, there is testimony and written documentation to the effect that the Subject Property sustained a loss and collapse due to termite damage during a period outside the Subject Policy's period. Defendant again would assert that Plaintiff's position that a loss and collapse occurred outside the Subject Policy's period is inconsistent with Plaintiffs position in this case that a loss and collapse also occurred within the Subject Policy's coverage period.

Plaintiff contends his position in this action is not inconsistent with his earlier position. Plaintiff maintains that his position has continuously been that damage to the Subject Property was as a result of a "gradual, progressive loss occurring at different time periods under different policies." (Dkt. 41 at 12)

Defendant has not made a sufficient showing to convince the Court that the doctrine of judicial estoppel precludes Plaintiff from arguing the damage sustained by the Subject Property occurred during the Subject Policy's coverage period.

### G. STATUTE OF LIMITATIONS BARS ANY CLAIMS FOR LOSS PRIOR TO FEBRUARY 4, 2006

Defendant argues that any loss sustained by Plaintiff that occurred prior to February 4, 2006, is barred by the statute of limitations pursuant to Fla. Stat. § 95.11(2)(e). Fla. Stat. § 95.11(2)(e) establishes a five (5) year statute of limitations for an action for breach of a property insurance contract, with the period running from the date of the loss.

The statute of limitations defense is an affirmative defense that if not asserted in a responsive pleading is generally deemed waived. *Am. Nat. Bank of Jacksonville v. Federal Deposit Ins. Corp.,* 710 F.2d 1528, 1537 (11th Cir.1983) Defendant did not assert the statute of limitations as an affirmative defense in its Answer (Dkt. 6) or in a separate motion to dismiss. Therefore, the Court need not consider Defendant's argument regarding claims barred by the statute of limitations because it may be deemed waived.

The Court, however, notes that Fla. Stat. § 95.11(2)(e) has an effective date of May 17, 2011. This instant action commenced on February 2, 2011. (*See* Dkt. 2) The effective date of Fla. Stat.

§ 95.11(2)(e) is after of the commencement of this action. Under Florida law, in the absence of any express, clear or manifest legislative intent to apply a statute of limitations retroactively, it does not apply to causes of action occurring prior to its effective date. *Homemakers, Inc. v. Gonzales,* 400 So.2d.965, 967 (Fla.1981). Even if the Court were to consider Defendant's argument, there is no evidence that Fla. Stat. § 95.11(2)(e) is applicable to this action.

The applicable statute in this action is Florida Statutes § 95.11(2)(b). Florida Statutes § 95.11(2)(b) provides for a five year statute of limitations for a breach of contract. Florida Statutes § 95.031(1) states that a "cause accrues when the last element constituting the cause of action occurs." Therefore, a cause of action by an insured against insurers does not accrue until the denial of the claim, based upon the application of § 95.11(2)(b) and § 95.031. *See State Farm Mutual Automobile Ins. Co. v. Lee,* 678 So.2d 818 (Fla. 1996); *Passman v. State Farm and Casualty Co.,* 779 So.2d 323 (Fla. 2d DCA 1999).

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (Dkt. 33) is **DENIED in part and GRANTED in part.** The Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's entitlement to attorney's fees. Otherwise, Defendant's Motion for Summary Judgment is **DENIED.**

2. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction for Lack of Standing (Dkt. 50) is **DENIED.**