# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1483
Lower Tribunal No. 22-0472-K

_____

**Kazi Ahmed,**
Appellant,

vs.

**Hamilton Insurance DAC, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Shannin Law Firm, P.A., and Nicholas A. Shannin, and Carol B. Shannin (Orlando), for appellant.

Wood, Smith, Henning & Berman, LLP, and Richard Singer, and Aaron B. Beharie (Boca Raton), for appellee Hamilton Insurance DAC.

Before LINDSEY, MILLER and GORDO, JJ.

LINDSEY, J.

Appellant Kazi Ahmed appeals from a final order dismissing his third-party beneficiary breach of contract action against Appellee Hamilton Insurance DAC. The contract at issue is a lender-placed insurance policy, which means the insured is the Lender, Shellpoint Mortgage Servicing, LLC,[1] and not Ahmed, the Borrower homeowner. The trial court determined that Ahmed lacked standing because there was no clear or manifest intent of the contracting parties that the contract primarily and directly benefit Ahmed. We agree and therefore affirm.

## I.    BACKGROUND

According to the allegations in the operative Complaint, Ahmed owns property in Monroe County that was insured by a Hamilton Insurance Policy from March 2017 to March 2018. In September 2017, the property was damaged by Hurricane Irma. Hamilton determined the claim was covered and estimated the loss to be $81,521.13.[2] Ahmed alleges the amount was too low and sued Hamilton for breach of contract (Count I) and breach of a third-party beneficiary contract (Count II).[3]

---

[1] It is undisputed that Shellpoint is the successor to the original lender listed on the Policy (Bayview Loan Servicing, LLC).

[2] Shellpoint accepted payment and did not dispute that the claim was paid in full.

[3] The Complaint also contains several counts against Shellpoint. These claims were dismissed and are not before us on appeal.

The Complaint incorporates by reference a Mortgage, which requires Ahmed to maintain property insurance. The Mortgage further provides that if Ahmed fails to maintain the required coverage, "Lender may obtain insurance coverage, at Lender's option and Borrower's expense. . . . [S]uch coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property . . . ." It is undisputed that Ahmed did not maintain the required coverage, resulting in the Lender obtaining the subject Policy.

The Policy—titled "Mortgage Guard Policy"—is a "lender-placed" or "force-placed" Policy and is also incorporated by reference in the Complaint.[4] It is undisputed that Ahmed is not a party to the Policy. The first page of the Policy clearly and expressly states that the insurance described in the Policy is provided to the "Named Insured," which is defined as the "Lending Institution." The Policy's Loss Payable Clause further provides that "[l]oss shall be adjusted with and made payable to the Named Insured unless another payee is specifically named." No other payee is named in the Policy.

---

[4] "When an individual takes out a mortgage, he or she secures the loan with real property. To protect its security interest, lenders usually require borrowers to maintain hazard insurance in an amount that is at least equal to the loan's unpaid principal balance. Should a borrower fail to obtain or maintain adequate coverage, the mortgage may authorize the lender to purchase insurance for the property and to charge the borrower for the cost of coverage. Such coverage is known as 'force-placed insurance' . . . or 'lender-placed insurance.'" Patel v. Specialized Loan Servicing, LLC, 904 F.3d 1314, 1316–17 (11th Cir. 2018).

The Policy also expressly states that it is "issued pursuant to the Florida Surplus Lines Law."[5]

Hamilton moved to dismiss the Complaint arguing that Ahmed could not satisfy the elements for breach of contract because Ahmed did not enter into a contract with Hamilton. Hamilton also argued that Ahmed could not maintain a cause of action as a third-party beneficiary because there was no clear or manifest intent for the Policy to primarily and directly benefit Ahmed. In response, Ahmed conceded that the Policy was between Hamilton and Shellpoint. But he argued he was a third-party beneficiary because certain provisions in the Policy benefited him.

Following a hearing, the trial court granted Hamilton's motion to dismiss with prejudice, concluding, as a matter of law, that Ahmed lacked third-party beneficiary standing.[6] Ahmed timely appealed.

## II. ANALYSIS

---

[5] "Surplus-lines insurance is a type of insurance that a potential insured may obtain when the general-lines insurance market fails to provide a policy to cover the type of risk involved. To ensure that there would be insurance companies willing to provide this type of coverage in our state, the Florida Legislature created a statutory scheme that permits out-of-state 'unauthorized' insurers to provide surplus-lines coverage through in-state 'surplus-lines agents,' who serve as middlemen between surplus-lines insurers and 'producing agents/general-lines agents,' who, in turn, provide surplus-lines policies to insureds." Essex Ins. Co. v. Zota, 985 So. 2d 1036, 1040 n.2 (Fla. 2008) (citations omitted).

[6] Ahmed does not challenge the trial court's dismissal of his breach of contract action.

We review the order dismissing Ahmed's Complaint de novo. See, e.g., Howard v. Greenwich Ins. Co., 307 So. 3d 844, 847 (Fla. 3d DCA 2020). "In ruling on a motion to dismiss, a trial court is limited to the four corners of the complaint and its incorporated attachments." One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 752 (Fla. 4th DCA 2015).

A cause of action for third-party beneficiary breach of contract must include the following allegations: "1) the existence of a contract, 2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party, 3) breach of the contract by a contracting party, and 4) damages to the third-party resulting from the breach." E.g., Biscayne Inv. Grp., Ltd. v. Guar. Mgmt. Servs., Inc., 903 So. 2d 251, 254 (Fla. 3d DCA 2005).

The issue on appeal concerns the second element: clear or manifest intent of the contracting parties that the contract *primarily and directly benefit the third party*. "The best evidence of the parties' intention is the contract's plain language." Goins v. Praetorian Ins. Co., 302 So. 3d 478, 479 (Fla. 5th DCA 2020). "A non-party is the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs." Biscayne Inv., 903 So. 2d at 254.

5

On appeal, Ahmed asserts he has sufficiently alleged he is a third-party beneficiary because (1) the Policy includes some coverage directly for his benefit; (2) he has an insurable interest in the property; and (3) the Policy does not contain express language communicating an intent not to directly benefit him. We address these arguments in turn.

1. Direct Benefit

Ahmed argues he is a third-party beneficiary because the Policy includes some coverage directly for his benefit. For example, Ahmed points to language in a Homeowners Special Form[7] that provides coverage for personal property and living expenses. However, Ahmed does not explain how the Policy expresses an intent to *primarily* benefit him. Indeed, it is clear from the four corners of the Policy that the primary intent is to benefit the Lender. The "Mortgage Guard Policy" is a lender-placed Policy. It defines the "Named Insured" only as the Lending Institution and not the Borrower. Similarly, the Lender is the only loss payee identified in the Policy.

Even accepting as true Ahmed's allegations that he directly benefits from some provisions in a special form, this is insufficient because the Policy

---

[7] Alternatively, Ahmed argues the Homeowners Special Form is ambiguous, precluding dismissal. We reject this argument because there is no ambiguity that the Policy does not manifest intent to primarily and directly benefit Ahmed. See Se. Fid. Ins. Co. v. Suwannee Lumber Mfg. Co., Inc., 411 So. 2d 950, 951 (Fla. 1st DCA 1982) (holding that a lienholder with an insurable interest could not recover under an insurance policy because there was no ambiguity that the lienholder was not a named insured).

6

as a whole does not manifest intent to primarily and directly benefit Ahmed.[8]

"Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely 'incidental,' and the third party has no legally enforceable right in the subject matter of the contract." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 982 (11th Cir. 2005).

1. Insurable Interest

Ahmed also argues he has standing as a third-party beneficiary because he has an insurable interest in the property. In support, Ahmed relies on a line of cases stemming from this Court's decision in Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Co., 281 So. 2d 373 (Fla. 3d DCA 1973).[9] In Schlehuber, which does not involve a lender-placed policy, the insured homeowners sold their home to the Schlehubers. Less than one month after closing, a fire damaged the property. The Schlehubers, who

---

[8] Hamilton contends that the Homeowners Special Form is irrelevant because the Lender did not purchase this coverage. Because this was not argued below and we cannot ascertain from the Policy itself whether this coverage applies, we accept as true Ahmed's allegation that it does apply.

[9] Ahmed also cites Cole v. Citizens Property Insurance Corp., 325 So. 3d 21 (Fla. 3d DCA 2021), which relies on the "insurable interest" provision in section 627.405. Cole does not involve a lender-placed policy.

7

were not parties to the prepaid fire insurance policy, sought to recover as third-party beneficiaries. This Court, relying on section 627.405, Florida Statutes (1973), held that "a contract of insurance of property may be enforced for the benefit of persons having an insurable interest in the property."[10] Id. at 375.

Although this Court has never relied on Schlehuber and section 627.405 to analyze third-party beneficiary status under a lender-placed policy, Ahmed cites several cases from the Middle District that have.[11]

---

[10] Section 627.405 provides that "[n]o contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss." The Schlehuber Court took the "negative statement" of this provision, thereby making a necessary condition for enforcement of a property contract—having an insurable interest—a sufficient condition. See id. at 375.

[11] See Conyers v. Balboa Ins. Co., 935 F. Supp. 2d 1312 (M.D. Fla. 2013); Kelly v. Balboa Ins. Co., 897 F. Supp. 2d 1262 (M.D. Fla. 2012); Fawkes v. Balboa Ins. Co., No. 8:10-CV-2844-T-30TGW, 2012 WL 527168 (M.D. Fla. Feb. 17, 2012). We are not bound by these decisions. See, e.g., Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, AFL-CIO v. Blount Int'l, Ltd., 519 So. 2d 1009, 1012 (Fla. 2d DCA 1987) ("[S]tate courts, in construing and interpreting state law, are not bound by the decisions of federal courts."). Moreover, we agree with the Southern District that "[t]here is no per se rule in Florida that a party with an insurable interest is automatically vested with standing to enforce a policy of property insurance." Harnarrine v. Praetorian Ins. Co., No. 18-62848-CIV, 2019 WL 8508084, at *4 (S.D. Fla. Jan. 10, 2019); see also Zabala v. Integon Nat'l Ins. Co., No. 20-22221-CIV, 2020 WL 3977380 (S.D. Fla. July 14, 2020); Davis v. Integon Nat'l Ins. Co., No. 21-CV-62170-RAR, 2022 WL 59654 (S.D. Fla. Jan. 5, 2022).

8

However, these cases are not applicable here because the subject Policy is expressly "issued pursuant to the Florida Surplus Lines Law."

In Florida, surplus lines insurance is governed by sections 626.913-626.937, Florida Statutes (2024), referred to as the "Surplus Lines Law." Pursuant to section 626.913(4), the insurable interest provision found in chapter 627 is inapplicable:

> Except as may be specifically stated to apply to surplus lines insurers, **the provisions of chapter 627 do not apply to surplus lines insurance authorized under ss. 626.913-626.937, the Surplus Lines Law**.

(Emphasis added). Consequently, Schlehuber's interpretation of the insurable interest provision in section 627.405 and the Middle District cases that rely on this interpretation are inapplicable.

2. Express Intent to Exclude

Ahmed argues that if Hamilton had intended to exclude him from coverage, it should have expressly done so. Ahmed cites Reconco v. Integon National Insurance Co., 312 So. 3d 914 (Fla. 4th DCA 2021) in support of this proposition.[12] In Reconco, the Fourth District considered

---

[12] Ahmed also cites several cases from the Southern District. While it is true "that courts appear to have uniformly determined that a homeowner cannot state a third-party beneficiary claim for breach of a force-placed insurance contract where the subject policy language expressly contains a clear and manifest intent to not primarily and directly benefit the homeowner/borrower[,]" Harnarrine, No. 18-62848-CIV, 2019 WL 8508084,

whether an uninsured homeowner had standing as a third-party beneficiary under a lender-placed policy. The policy expressly stated that "[t]here is no contract of insurance between the BORROWER and [the Insurer]." Id. at 915. In other words, the policy expressed its clear intent *not* to benefit the borrower.

Though the lender-placed policy in Reconco expressed clear intent not to benefit the borrower, Reconco does not hold that this is a *required* element. Reconco correctly sets forth the established elements that must be alleged for a third-party beneficiary to enforce a contract. Id. at 917. Indeed, the Court in Reconco *reaffirmed* the required element at issue here, holding that Florida courts have "not displace[d] the requirement in Florida that '[a] party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong.'" Id. at 919 (quoting Dingle v. Dellinger, 134 So. 3d 484, 488 (Fla. 5th DCA 2014)).

## III.    CONCLUSION

For the foregoing reasons, we agree with the trial court that Ahmed, as a matter of law, lacks standing "because based on the terms of the policy

---

at *5, no case makes this a required element for a third-party breach of contract claim.

between . . . Hamilton and Shellpoint, there did not exist a clear or manifest intent of the contracting parties that the contract primarily and directly benefit [Ahmed]." Accordingly, we affirm.

Affirmed.